W. M. Allen, Arthur W. Allen, Charles J. Angele-
sea and Herman Kleene, co-partners, doing
business as W. M. Allen & Co.,

*v.*

State of Illinois.

*Opinion filed March 17, 1915.*

1. Mistake of Fact—*contractor making mistake in estimates.*
Where a contractor in making estimates upon work to be per-
formed by him honestly makes mistakes. in such estimates, he may
have his contract rescinded.

2. Waiver—*when binding.* Where a waiver is executed, in
order that the same may be binding, the party executing the same
must have been apprised of his rights at the time of the execution
of such waiver.

Weil & Bartley, for Claimants.

P. J. Lucey, Attorney General, and Arthur R. Roy, Assist-
ant Attorney General, for State.

This claim was filed December 31, 1914, but it was
agreed between the attorneys for claimants and the
State, that the same should be docketed and heard at
the present term of this Court.

In pursuance of certain notices sent out by the Board
of Administration of this State, that sealed bids would
be received by them for the erection of certain build-
ings to be erected at the Chicago State Hospital,
Dunning, Illinois, claimants wrote to the board and
received a copy of the plans and specifications for
said buildings.

Having prepared estimates, they filed separate bids
for the erection of the several buildings, as follows,
to-wit:

"The undersigned bidder hereby proposes to fur-
nish all materials and labor to execute the general
work required by the drawings and specifications for
the following sum:

The Main Bid shall include the general work required in building the Administration Building, two Receiving Buildings, two cottages ...........................$265,500.00

Separate Proposal "A" shall include the general work required in building the Administration Building ............$ 82,756.00

Separate Proposal "B" shall include the general work required in two receiving buildings ...........................$108,286.00

Separate Proposal "C" shall include the general work required in building the two cottages ......................$ 78,590.00

As it was necessary to accompany each bid with a certified check for three per cent of same, claimant accompanied Separate Proposal "A", above referred to, with certified check in the amount of twenty-six hundred ($2,600.00) dollars; Separate Proposal "B" was accompanied by certified check in the amount of thirty-four hundred ($3,400.00) dollars; and Separate Proposal "C" was accompanied by a certified check in the sum of two thousand five hundred fifty ($2,550.00) dollars. No certified check accompanied the main bid of $265,500.00.

At a meeting of the board held August 18, 1914, all of the bids were opened and it was found that claimant's bids were the lowest of all submitted.

At a later meeting of the board held on the 24th of August, 1914, claimants were awarded the general contracts for all of the five (5) buildings upon their main bid of $265,500.00. After having been notified of the acceptance of their bids, they noticed that their bid was approximately $50,000.00 less than the bids submitted by the other parties. They made an investigation of their various estimates, and in checking over the same found, that they had made mistakes aggregating about $24,000.00.

W. M. Allen, one of the claimants herein, went before the Board of Administration at its office in Spring-

field, and explained that mistakes had been made in the various estimates and that they could not erect the buildings according to the proposals submitted. He also told them he would be willing to forfeit the certified check which accompanied said proposals, but it was arranged that claimants be awarded the contract for the erection of the administration building for $82,756.00, as set out in said Separate Proposal "A". Check accompanying this bid was returned to claimants.

While Mr. Allen was taking up this matter with the board, one of its members prepared an instrument in writing for him to sign, in which he agreed to forfeit the other two checks, amounting to $5,950.00.

Claimants are proceeding with the erection of the administration building, and this claim is filed to secure the refund of $5,950.00, covering the two certified checks that were declared forfeited by the board and afterward turned into the State treasury.

It is contended by claimants, that the State had no right to forfeit the checks in question on account of the mistakes that were made by them in preparing their proposed bids, and they also contend, among other things, that there was no consideration for the waiver that was signed by Mr. Allen.

The State denies that claimants are entitled to the relief sought, principally for the reason that their right to have the checks returned was waived by W. M. Allen when he signed the waiver, and that they are now estopped from claiming anything by reason of their mistakes. The amounts of the different certified checks were in excess of the three per cent required by the board, and the State concedes that claimants are entitled to an award covering this excess, which amounts to $343.72.

Counsel for claimants have cited several authorities showing the rights of a party to rescind their contracts when mistakes have been made similar to those made by claimants.

We do not question the law as announced in these cases, but the question that confronts us is, whether or not the claimants have waived their right to recover on account of the waiver signed by W. M. Allen.

That claimants made mistakes in their estimates upon which their said proposals were based is not questioned, and as a legal proposition they would be entitled to have their contracts rescinded and the checks returned unless estopped by the acts of Mr. Allen. If the waiver signed by Mr. Allen in this connection has any force, it would go to the extent of not only precluding claimants from recovering an amount equal to three per cent of their bids, but it would also preclude them from recovering any excess represented by said checks, as the waiver specifically sets out that the two checks are to be forfeited.

We are of the opinion, that the waiver signed by Mr. Allen was without consideration, and that claimants ought not to be estopped from recovering an award in this case by reason of same.

Our attention is also directed to the fact that the main bid was not accompanied by a certified check and as the Board of Administration accepted this particular bid and rejected the other separate proposals, we do not believe they had any right to declare a forfeiture of the checks accompanying the several separate proposals, when it was found that claimants could not comply with the terms as set out in their main bid. This being true, and for the further reason that we are convinced that claimants did not try to rescind their contracts for any other reason than the mistakes made by them in the preparation of their several estimates, we believe it would be unjust and inequitable to compel them to suffer a loss as would be occasioned by the forfeiture of their two checks amounting to $5,950.00.

It is quite evident that Mr. Allen was not apprised of his rights in this matter at the time he consented to the forfeiture of the two checks in question, and

from a thorough consideration of the facts presented, we are of the opinion that claimants should recover the sum of $5,950.00 as represented by the two checks that were declared forfeited by the Board of Administration.

Claimants are accordingly awarded $5,950.00.